# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DANA HOWARD-MCCALL, and THOMAS MCCALL, : : : Plaintiffs, : : v. : : SILVERONYX, LLC, : : Defendant. : : | No. _____ **JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiffs, **DANA HOWARD MCCALL & THOMAS MCCALL** ("Plaintiffs") by and through their undersigned counsel, **JOHNSON BECKER, PLLC** and **KLINE & SPECTER, P.C.** hereby submits the following Complaint and Demand for Jury Trial against Defendant **SILVERONYX, LLC.** (hereafter referred to as "Defendant" or "Defendant SilverOnyx"), and, in support thereof, alleges the following upon personal knowledge and belief and investigation of counsel:

## NATURE OF THE CASE

1. Defendant designs, manufactures, markets, imports, distributes and sells a wide-range of consumer products, including the subject "SilverOnyx Electric Pressure Cooker," which specifically includes the Model Number SO501-PC6L (referred to hereafter as "Pressure Cooker(s)").

1

2. Defendant touts that its Pressure Cookers are designed with "safety feature"[1] which purports to keep the lid from being opened while the unit is under pressure.

3. Despite Defendant's claims of "safety," it designed, manufactured, marketed, imported, distributed and sold, both directly and through third-party retailers, a product that suffers from serious and dangerous defects. Said defects cause significant risk of bodily harm and injury to its consumers.

4. Specifically, said defects manifest themselves when, despite Defendant's statements, the lid of the Pressure Cooker is removable with built-up pressure, heat and steam still inside the unit. When the lid is removed under such circumstances, the pressure trapped within the unit causes the scalding hot contents to be projected from the unit and into the surrounding area, including onto the unsuspecting consumers, their families and other bystanders. The Plaintiffs in this case was able to remove the lid while the Pressure Cooker retained pressure, causing serious and substantial bodily injuries and damages.

5. Defendant knew or should have known of these defects but has nevertheless put profit ahead of safety by continuing to sell its Pressure Cookers to consumers, failing to warn said consumers of the serious risks posed by the defects, and failing to timely recall the dangerously defective Pressure Cookers regardless of the risk of significant injuries to Plaintiff and consumers like her.

6. Defendant ignored and/or concealed its knowledge of these defects in its Pressure Cookers from the Plaintiffs in this case, as well as the public in general, in order to continue generating a profit from the sale of said Pressure Cookers, demonstrating a callous, reckless,

---

[1] *See* SilverOnyx Electric Pressure Cooker Owner's Manual, pg. 15, attached hereto as Exhibit A

willful, depraved indifference to the health, safety and welfare of Plaintiffs and consumers like them.

7. As a direct and proximate result of Defendant's conduct, the Plaintiffs in this case incurred significant and painful bodily injuries, medical expenses, physical pain, mental anguish, and diminished enjoyment of life.

### PLAINTIFFS DANA HOWARD-MCCALL & THOMAS HOWARD

8. Plaintiff Dana Howard-McCall is a resident and citizen of the city of Glenolden, County of Delaware, Commonwealth of Pennsylvania.

9. Plaintiff Thomas Howard is a resident and citizen of the city of Glenolden, County of Delaware, Commonwealth of Pennsylvania.

10. Plaintiffs Dana Howard-McCall and Thomas Howard are husband and wife, and residents of the Commonwealth of Pennsylvania for purposed of diversity under 28 U.S.C. § 1332.

11. On or about October 18, 2020, Plaintiffs suffered serious and substantial burn injuries as the direct and proximate result of the Pressure Cooker's lid being able to be rotated and opened while the Pressure Cooker was still under pressure, during the normal, directed use of the Pressure Cooker, allowing its scalding hot contents to be forcefully ejected from the Pressure Cooker and onto the Plaintiffs. The incident occurred as a result of the failure of the Pressure Cooker's supposed "safety feature," which purport to keep the consumer safe while using the Pressure Cooker. In addition, the incident occurred as the result of Defendant's failure to redesign the Pressure Cooker, despite the existence of economical, safer alternative designs.

## DEFENDANT SILVERONYX, LLC

12. Defendant designs, manufacturers, markets, imports, distributes and sells a variety of consumer products including pressure cookers and arifilters, amongst others.

13. Defendant is a Delaware Corporation with its registered place of business at16171 South Bringhurst Blvd, Suite 100, Bluffdale, UT 84065.As of April 4, 2022, and at the time of the filing of this action, Defendant's sole member was John Steven Broadbent. Mr. Broadbent's address is 10804 S Arista Way, South Jordan, UT 84009. Defendant is therefore a citizen of the state of Utah for purposes of diversity under 28 U.S.C. § 1332.

## JURISDICTION AND VENUE

14. This Court has subject matter jurisdiction over this case pursuant to diversity jurisdiction prescribed by 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and there is complete diversity between the parties.

15. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 all or a substantial part of the events or omissions giving rise to this claim occurred in this district.

16. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Defendant has sufficient minimum contacts with the Pennsylvania and intentionally availed itself of the markets within Pennsylvania through the promotion, sale, marketing, and distribution of its products.

## FACTUAL BACKGROUND

17. Defendant is engaged in the business of designing, manufacturing, warranting, marketing, importing, distributing and selling the Pressure Cookers at issue in this litigation.

18. On October 18, 2020, Plaintiff Dana Howard-McCall decided to cook a shrimp gumbo in the pressure cooker.

19. She started preparing ingredients around 12:30 p.m. Plaintiff Dana Howard-McCall placed shrimp, pieces of chicken and andouille sausage into the pressure cooker pot. She added tomato sauce, coconut oil, beans and corn to the meat, and poured chicken broth over the mixture. The pressure cooker was about halfway full when all the ingredients were added.

20. Plaintiff Dana Howard-McCall closed and locked the lid of the pressure cooker. She set it to cook for 25 minutes. When the pressure cooker completed its cycle, Plaintiff Thomas Howard entered the kitchen and manually released pressure from the pot. When he could see the pressure cooker was done releasing steam, Plaintiff Thomas Howard began to open the lid.

21. The pressure cooker immediately exploded open and spewed its contents over Plaintiff Dana Howard-McCall's abdomen and left arm, as well as Plaintiff Thomas Howard's right arm and abdomen

22. According to the Owner's Manual[2] accompanying each individual unit sold, its Pressure Cookers are designed with "safety feature" which purports to keep the lid from being opened while the unit is under pressure.

23. By reason of the forgoing acts or omissions, the above-named Plaintiffs purchased their Pressure Cooker with the reasonable expectation that it was properly designed and manufactured, free from defects of any kind, and that it was safe for its intended, foreseeable use of cooking.

24. Plaintiffs used their Pressure Cooker for its intended purpose of preparing meals and did so in a manner that was reasonable and foreseeable by Defendant.

---

[2] *Id.*

25. However, the aforementioned Pressure Cooker was defectively designed and manufactured by Defendant in that it failed to properly function as to prevent the lid from being removed with normal force while the unit remained pressurized, despite the appearance that all the pressure had been released, during the ordinary, foreseeable and proper use of cooking food with the product; placing the Plaintiffs and similar consumers in danger while using the Pressure Cookers.

26. Defendant's Pressure Cookers possess defects that make them unreasonably dangerous for their intended use by consumers because the lid can be rotated and opened while the unit remains pressurized.

27. Further, Defendant's representations about "safety" are not just misleading, they are flatly wrong, and put innocent consumers like Plaintiffs directly in harm's way.

28. Economic, safer alternative designs were available that could have prevented the Pressure Cooker's lid from being rotated and opened while pressurized.

29. As a direct and proximate result of Defendant's intentional concealment of such defects, its failure to warn consumers of such defects, its negligent misrepresentations, its failure to remove a product with such defects from the stream of commerce, and its negligent design of such products, Plaintiffs used an unreasonably dangerous Pressure Cooker, which resulted in significant and painful bodily injuries upon Plaintiffs' simple removal of the lid of the Pressure Cooker.

30. Consequently, the Plaintiffs in this case seeks damages resulting from the use of Defendant's Pressure Cooker as described above, which has caused the Plaintiffs to suffer from serious bodily injuries, medical expenses, physical pain, mental anguish, diminished enjoyment of life, and other damages.

## COUNT I
## STRICT LIABILITY
## Plaintiffs v. Defendant

31. Plaintiffs incorporate by reference each preceding and succeeding paragraph as though set forth fully at length herein.

32. At the time of Plaintiffs' injuries, Defendant's pressure cookers were defective and unreasonably dangerous for use by foreseeable consumers, including Plaintiffs.

33. Defendant's pressure cookers were in the same or substantially similar condition as when they left the possession of the Defendant when Plaintiffs used their pressure cooker on October 18, 2020.

34. Plaintiffs did not ever misuse or materially alter the pressure cooker, including through their use on October 18, 2020.

35. The pressure cooker did not perform as safely as an ordinary consumer would have expected them to perform when used in a reasonably foreseeable way.

36. Further, a reasonable person would conclude that the possibility and seriousness of harm outweighs the burden or cost of making the pressure cookers safe.

37. The pressure cooker was defective, subjecting Defendant to strict liability, in one or more of the following respects:

   a. The pressure cookers designed, manufactured, sold, and supplied by Defendant were defectively designed and placed into the stream of commerce in a defective and unreasonably dangerous condition for consumers;

   b. The seriousness of the potential burn injuries resulting from the product drastically outweighs any benefit that could be derived from its normal, intended use;

   c. Defendant failed to properly market, design, manufacture, distribute, supply, and sell the pressure cookers, despite having extensive knowledge that the aforementioned injuries could and did occur;

7

    d. Defendant failed to warn and place adequate warnings and instructions on the pressure cookers;

    e. Defendant failed to adequately test the pressure cookers; and

    f. Defendant failed to market an economically feasible alternative design, despite the existence of economical, safer alternatives, that could have prevented Plaintiff's injuries and damages.

    g.

38. Defendant's actions and omissions were the direct and proximate cause of Plaintiffs' injuries and damages.

39. Defendant's conduct, as described above, was extreme and outrageous. Defendant risked the safety and well-being of the consumers and users of their pressure cookers, including Plaintiff to this action, with the knowledge of the safety and efficacy problems and suppressed this knowledge from the public. Defendant made conscious decisions not to redesign, warn or inform the unsuspecting consuming public. Defendant's outrageous conduct warrants an award of punitive damages.

**WHEREFORE**, Plaintiffs demand judgment in their favor and against Defendant for compensatory and punitive damages, in a sum in excess of seventy-five thousand dollars ($75,000.00), exclusive of pre-judgment interest, post-judgment interest and costs.

**COUNT II**
**NEGLIGENCE**
**Plaintiffs v. Defendant**

40. Plaintiffs incorporate by reference each preceding and succeeding paragraph as though set forth fully at length herein.

41. Defendant had a duty of reasonable care to design, manufacture, market, and sell non-defective pressure cookers that are reasonably safe for their intended uses by consumers, such as Plaintiffs.

42. Defendant failed to exercise ordinary care in the manufacture, sale, warnings, quality assurance, quality control, distribution, advertising, promotion, sale and marketing of its pressure cookers in that Defendant knew or should have known that said pressure cookers created a high risk of unreasonable harm to Plaintiffs and consumers alike.

43. Defendant was negligent in the design, manufacture, advertising, warning, marketing, and sale of its pressure cookers in that, among other things, it:

   a. Failed to use due care in designing and manufacturing the pressure cookers to avoid the aforementioned risks to individuals;

   b. Placed an unsafe product into the stream of commerce;

   c. Aggressively over-promoted and marketed its pressure cookers through television, social media, and other advertising outlets; and

   d. Was otherwise careless or negligent.

44. Despite the fact that Defendant knew or should have known that consumers were able to remove the lid while the pressure cookers were still pressurized, Defendant continued to market its pressure cookers to the general public.

45. Defendant's conduct, as described above, was extreme and outrageous. Defendant risked the safety and well-being of the consumers and users of their pressure cookers, including Plaintiffs to this action, with the knowledge of the safety and efficacy problems and suppressed this knowledge from the public. Defendant made conscious decisions not to redesign, warn or inform the unsuspecting consuming public. Defendant's outrageous conduct warrants an award of punitive damages.

**WHEREFORE**, Plaintiffs demand judgment in their favor and against Defendant for compensatory and punitive damages, in a sum in excess of seventy-five thousand dollars ($75,000.00), exclusive of pre-judgment interest, post-judgment interest and costs.

## COUNT III
## BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE
### Plaintiffs v. Defendant

46. Plaintiffs incorporate by reference each preceding and succeeding paragraph as though set forth fully at length herein.

47. Defendant manufactured, supplied, and sold their pressure cookers with an implied warranty that they were fit for the particular purpose of cooking quickly, efficiently and safely.

48. Members of the consuming public, including consumers such as Plaintiffs, were the intended third-party beneficiaries of the warranty.

49. Defendant's pressure cookers were not fit for the particular purpose as a safe means of cooking, due to the unreasonable risks of bodily injury associated with their use.

50. Plaintiffs reasonably relied on Defendant's representations that its pressure cookers were a quick, effective and safe means of cooking.

51. Defendant's breach of the implied warranty of fitness for a particular purpose was the direct and proximate cause of Plaintiffs' injuries and damages.

52. Defendant's conduct, as described above, was extreme and outrageous. Defendant risked the safety and well-being of the consumers and users of their pressure cookers, including Plaintiffs to this action, with the knowledge of the safety and efficacy problems and suppressed this knowledge from the public. Defendant made conscious decisions not to redesign, warn or inform the unsuspecting consuming public. Defendant's outrageous conduct warrants an award of punitive damages.

**WHEREFORE**, Plaintiffs demand judgment in their favor and against Defendant for compensatory and punitive damages, in a sum in excess of seventy-five thousand dollars ($75,000.00), exclusive of pre-judgment interest, post-judgment interest and costs.

## COUNT V
## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY
### Plaintiffs v. Defendant

53. Plaintiffs incorporate by reference each preceding and succeeding paragraph as though set forth fully at length herein.

54. At the time Defendant marketed, distributed, and sold their pressure cookers to Plaintiffs in this case, Defendant warranted that its pressure cookers were merchantable and fit for the ordinary purposes for which they were intended.

55. Members of the consuming public, including consumers such as Plaintiffs, were intended third-party beneficiaries of the warranty.

56. Defendant's pressure cookers were not merchantable because they had the propensity to lead to the serious personal injuries as described herein in this Complaint.

57. Plaintiffs used the pressure cooker with the reasonable expectation that it was properly designed and manufactured, free from defects of any kind, and that it was safe for its intended, foreseeable use of cooking.

58. Defendant's breach of implied warranty of merchantability was the direct and proximate cause of Plaintiffs' injuries and damages

59. Defendant's conduct, as described above, was extreme and outrageous. Defendant risked the safety and well-being of the consumers and users of their pressure cookers, including Plaintiffs to this action, with the knowledge of the safety and efficacy problems and suppressed this knowledge from the public. Defendant made conscious decisions not to redesign, warn or inform the unsuspecting consuming public. Defendant's outrageous conduct warrants an award of punitive damages.

**WHEREFORE**, Plaintiffs demand judgment in their favor and against Defendant for compensatory and punitive damages, in a sum in excess of seventy-five thousand dollars ($75,000.00), exclusive of pre-judgment interest, post-judgment interest and costs.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs demand judgment against the Defendant for damages, including punitive damages, to which she is entitled by law, as well as all costs of this action to the full extent of the law, whether arising under the common law and/or statutory law, including:

a. judgment for Plaintiffs and against Defendant;

b. damages in excess of $75,000 to compensate Plaintiff for her injuries, economic losses and pain and suffering sustained as a result of the use of the Defendant's pressure cookers;

c. pre and post judgment interest at the lawful rate;

d. punitive damages on all applicable Counts as permitted by the law;

e. a trial by jury on all issues of the case; and

f. for any other relief as this Court may deem equitable and just, or that may be available under the law of another forum to the extent the law of another forum is applied, including but not limited to all reliefs prayed for in this Complaint and in the foregoing Prayer for Relief.

|  |  |
|---|---|
|  | **KLINE & SPECTER, P.C** |
| Dated: September 27, 2022 | <u>*/s/ Benjamin Present, Esq.*</u><br>Benjamin Present, Esq.<br>1525 Locust Street<br>12th Floor<br>Philadelphia, PA 19102<br>215-772-1000<br>Benjamin.present@klinespecter.com |

*In association with:*

**JOHNSON BECKER, PLLC**

Adam J. Kress, Esq.
*Pro Hac Vice to be filed*
444 Cedar Street, Suite 1800
St. Paul, MN 55101
(612) 436-1800
akress@johnsonbecker.com

***Attorneys for Plaintiff***